José M. Alonso García, etc., ex rel., Ramón Luis Mayor Domínguez, demandantes y recurrente el primero, *v.* Caribe Motors Corporation et al., demandados y recurrida la última.

Número: R-74-281        Resuelto: 28 de noviembre de 1975

*Santiago Amadiz Benítez Sabat, Jorge Márquez Gómez, Miguel A. Guzmán Soto, Francisco Falú Lebrón* y *Moisés García Viera,* abogados del Administrador del Fondo del Seguro del Estado; *Agrait, Otero & Oliveras,* abogados de Caribe Motors Corporation y Puerto Rican & American Insurance Company.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo (11 L.P.R.A. sec. 32) autoriza al Administrador del Fondo a subrogarse en los derechos del obrero lesionado para reclamar de un tercero que le ha causado daños en el curso de su empleo, con el fin de que el Fondo pueda resarcirse de lo que ha pagado al obrero. Cualquier cantidad en exceso de la reclamación del Fondo pertenece al obrero. En el presente caso el Administrador incoó la acción subrogándose en los derechos del obrero y el caso fue transigido por la cantidad de $23,095.75 correspondiendo al lesionado y a su familia la cantidad de $20,000 y al Fondo del Seguro del Estado la suma de $3,095.75 condicionada a que el tribunal determinara si eran deducibles de esta última cantidad las sumas de $1,000 y $2,000 que establece la Sec. 8 de la Ley Núm. 138 de 26 de junio de 1968 (9 L.P.R.A. sec. 2058). Esta sección releva "a la parte responsable del pago de toda reclamación, hasta dichos límites o hasta el importe de los beneficios cobrados por la víctima y sus beneficiarios, de los dos el que resulte mayor." Así, las deducciones que establece la ley de la ACAA se traducen en una exención de responsabilidad al causante del daño, sufriendo la víctima del accidente reducciones en su compensación por daños físicos y mentales en la cantidad de $1,000 y por otros daños en $2,000. Ver *Coira Luquis* v. *De Jesús Rosas,* 103 D.P.R. 345 (1975) y *Serrano Rodríguez* v. *Montes,* 103 D.P.R. 822 (1975).

■ El Tribunal Superior, Sala de San Juan, Pérez Pérez, J., determinó que las cantidades establecidas por la Sec. 8 de la ley de la ACAA eran deducibles de la cantidad recibida por el Fondo. Al así hacerlo erró.

436

De acuerdo con la Ley Núm. 138 de 1968 a quien hay que deducir las cantidades establecidas en la Sec. 8 de la referida ley es al lesionado en un accidente y no al Fondo que le ha proporcionado las cantidades que concede la Ley de Compensaciones por Accidentes del Trabajo y quien tiene el deber de reclamar del tercero que causó el daño la totalidad de la suma pagada al obrero lesionado. Quien tiene derecho a deducirle las cantidades al lesionado es el causante del daño o su asegurador. En el presente caso la aseguradora del causante del daño optó por transigir la reclamación por lo que es razonable concluir que la aseguradora dedujo de la cantidad pagada al lesionado las cantidades autorizadas a ser deducidas por la ley de la ACAA.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, Pérez Pérez, J., y se dictará otra declarando con lugar la reclamación del Fondo del Seguro del Estado por la cantidad de $3,095.75.*