JULIA R. DE VINCENTI, en su carácter de ADMINISTRADORA DEL FONDO DEL SEGURO DEL ESTADO, Ex rel. VENANCIO RIVERA RAMOS, demandante y recurrente, *v.* CARLOS JUAN MALDONADO MARTÍNEZ Y OTROS, demandados y recurridos.

*Número:* R-78-132     *Resuelto:* 12 de septiembre de 1978

*Ulises Ortiz Rodríguez, Antonio Acevedo Torres* y *Francisco Falú Lebrón,* abogados de la recurrente; *Matta & Matta,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La Administradora del Fondo del Seguro del Estado, subrogada para beneficio del obrero Venancio Rivera Ramos, presentó demanda reclamando una suma no menor de $100,000 por concepto de daños físicos y sufrimientos morales y $1,000 por lucro cesante contra el tercero causante del daño y su aseguradora, como consecuencia de un accidente de tránsito en que un vehículo de los demandados (*auto car* de cargar cemento a granel) impactó por la parte trasera una guagua Ford tipo *panel* resultando lesionado el demandante quien se hallaba en funciones de su empleo con un patrono asegurado; que tratándose de un accidente del trabajo el Fondo dio al lesionado la protección de ley e incurrió en gastos por $2,575.00.

La parte demandada solicitó la desestimación de la acción civil fundándose en que comprendidas las cuantías de gastos médicos[1] dentro de los límites de deducciones o exenciones ordenadas en la Ley de Protección Social por Accidentes de Automóviles (ACAA) en sus Arts. 3, 5 y 9 (9 L.P.R.A. secs. 2053, 2054(1)(a) y 2058) el Fondo del Seguro del Estado

---

[1] Así desglosados:

| | |
|---|---:|
| Dietas | 180.00 |
| Compensación | 2,025.00 |
| Rayos X | 45.00 |
| Asistencia Médica | 20.00 |
| Investigación | 35.00 |
| Dr. Reinaldo Carreras | 55.00 |
| Dr. Enrique Capó | 215.00 |
| Total | $2,575.00 |

no tiene derecho a recobrarlas del tercero. El juez de instancia resolvió "no ha lugar a la reclamación del Fondo del Seguro del Estado."

A la solicitud de revisión del Fondo, expedimos la siguiente orden el 27 abril, 1978:

"Tenga la parte recurrida un término hasta el 19 mayo, 1978, para mostrar causa por la que no deba revocarse la resolución de 7 marzo, 1978 que desestimó la demanda de la Administradora del Fondo del Seguro del Estado subrogada en lugar del obrero Rivera Ramos, y remitir el pleito a instancia para continuación de procedimientos compatibles."

La comparecencia de los recurridos no altera el criterio intimado en la orden para mostrar causa. Subrogada en tiempo la Administradora del Fondo según lo autoriza el Art. 31 de la Ley de Compensaciones por Accidentes del Trabajo (11 L.P.R.A. sec. 32), la acción no pertenece a ella "sino propiamente al obrero lesionado [que es la parte realmente interesada] . . . y que para que prospere la causa de acción debe estar reconocida a favor de dicho obrero o sus beneficiarios." *Gallart, Admor.* v. *Banco Popular,* 91 D.P.R. 818, 827 (1965). Las exenciones y deducciones dispuestas por ACAA deberán oponerse al obrero demandante en la vista en su fondo del pleito de daños. *Alonso García* v. *Caribe Motors Corp.,* 104 D.P.R. 434, 436 (1975). Es al lesionado en el accidente, y no al Fondo a quien hay que deducir las cantidades señaladas en la Sec. 8, hoy renumerada como Sec. 9 (9 L.P.R.A. sec. 2058) de la Ley de Protección Social (ACAA) que es la Núm. 138 de 26 junio, 1968. El Fondo del Seguro del Estado podrá recobrar sus gastos de prosperar la demanda, del balance neto[2] resultante de la indemnización que se otorgue al obrero en la acción civil, luego de hechas las deducciones a que por Ley Núm. 138 (ACAA) tengan los demandados recurridos. La resolución desestimatoria revisada adjudica con

---

[2] El Fondo recobrará únicamente si la sentencia en daños excede las deducciones de la ACAA. 11 L.P.R.A. sec. 32, párr. 2°.

prematuridad el derecho del Fondo del Seguro del Estado a recobrar los gastos incurridos y desoye la prevención de 11 L.P.R.A. sec. 32, párr. 5°, respecto a que no se dictará sentencia en la acción subrogatoria "sin hacer reserva expresa del derecho del Fondo del Seguro del Estado a reembolso de todos los gastos incurridos." El fondo tiene por tanto un claro derecho a mantener la acción civil subrogada por el obrero lesionado hasta que recaiga una sentencia en los méritos del caso. El tercero demandado no puede derrotar el derecho del Fondo del Seguro del Estado a subrogarse que es en efecto y resultado final, lo que en instancia logró con su moción para desestimar.

*Se revocará la sentencia recurrida, y se remitirá el pleito a instancia para continuación de procedimientos compatibles con lo aquí resuelto.*