López Vilanova, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Mediante acción de subrogación, el Fondo del Seguro del Estado, ("F.S.E."), persigue repetir del causante de un daño y su aseguradora la porción de gastos incurridos en el tratamiento de una obrera que resultó lesionada por un acto u omisión culposo o negligente de un tercero. La aseguradora del tercero advino insolvente por lo que se encuentra en proceso de liquidación y ha sido sustituida por la Asociación de Garantía de Seguros Misceláneos ("A.G.S.M."), bajo las disposiciones del Código de Seguros (en adelante "el Código"). La controversia gira en tomo a si la reclamación del F.S.E. es una "reclamación cubierta" bajo A.G.S.M., y si puede el F.S.E. subrogarse en el cobro de dicha reclamación. La A.G.S.M. promovió Sentencia Sumaria parcial solicitando la desestimación de la demanda en su contra. El Tribunal de Instancia declaró la moción sin lugar. De esa Resolución se recurre por vía de Certiorari. Expedimos el auto y resolvemos confirmar la Resolución recurrida.
I
Mientras realizaba gestiones para su patrono, la señora Elvira Franco Pagán tuvo un accidente por culpa o negligencia de un tercero, la Autoridad de Acueductos y Alcantarillados. Esta última estaba asegurada por la Corporación Insular de Seguros, la cual advino insolvente con posterioridad al accidente. A tenor con la Ley Núm. 134 de 23 de julio de 1974, según enmendada, por la Ley 72 de 17 de agosto de 1991, 26 L.P.R.A. sees. 3801 et seq. (Supl. 1994), la A.G.S.M. entró como ente liquidador de la Corporación Insular de Seguros cuando ésta advino insolvente. El F.S.E. pagó los gastos de tratamiento médico de la obrera lesionada e instó demanda en subrogación.
En su demanda, el F.S.E. reclama, entre otras partidas, la suma de $4,951.25 por los gastos *1101 médicos incurridos en el tratamiento de la señora Franco Pagán. Alega la A.G.S.M. que esta partida no es una "reclamación cubierta" susceptible de ser recobrada por el Fondo del Seguro del Estado, bajo el Artículo 38.030 (8) del Código de Seguros, (en adelante "el Código") (26 L.P.R.A. see. 3803 (8) (Supl. 1994)), por ser el F.S.E. un seguro provisto o garantizado por el gobierno.
De manera, que la controversia gira en torno a si el F.S.E. puede recobrar por subrogación la partida de gastos incurridos en el tratamiento médico de la obrera lesionada.
II
"Es principio de hermenéutica legal reiterado y reconocido que las secciones, artículos o apartados de una ley no deben ser interpretados separadamente sino refiriéndose los unos a los otros como un todo, buscando la intención legislativa". Véanse en general, el Artículo 18 del Código Civil, 31 L.P.R.A. sec. 18 (1993), A.R.P.E. v. Ozares Pérez, 116 D.P.R. 816 (1986); Delgado v. D.S.C.A., 114 D.P.R. 177 (1983); Marina Ind'l. v. Brown Boveri Corp., 114 D.P.R. (1983); Sales v. Samac Motor Corp, 92 D.P.R. 529 (1965). Así, "[l]as distintas secciones de una ley deben interpretarse las unas en relación con las otras completando y supliendo lo que falta o en una, con lo provisto en la otra procurando siempre dar cumplimiento al propósito del legislador". Op. Sec. Just. Núm. 1977-12.
Con estos principios en mente, analicemos las distintas disposiciones del Código de Seguros, para determinar si el F.S.E. es un asegurador conforme el Código, y si le está vedado hacer reclamaciones en subrogación, según la prohibición expresa en el Artículo 38.050 inciso (6) párrafo segundo de la Ley de Asociación de Garantías del Código de Seguros.
El Código de Seguros, está contenido en el Título 26 de Leyes de Puerto Rico Anotadas, (26 L.P.R.A. secs. 101 et seq. (1976)). El propio cuerpo de ley ofrece unas definiciones sobre el alcance del mismo.
El Artículo 1.020 del Código de Seguros define:
"Seguro" es el contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle un beneficio especifico o determinable al producirse un suceso incierto previsto en el mismo. El término seguro incluye reaseguro". 26 L.P.R.A. see. 102 (1976).
Asimismo, define el Artículo 1.030 del Código lo que es un "Asegurador":
"Asegurador" es la persona que se dedique a la contratación de seguros según se define en la sección 105 de este título [Artículo 1.050 del Código de Seguros]. Sin limitar el sentido general de la anterior definición, una lonja o asociación de seguro recíproco, un organismo de Lloyd, una asociación mutualista, o un grupo de cualquier clase, organizado con fines pecuniarios o sin ellos, dedicado al negocio de otorgar contratos de seguros es un "asegurador". 26 L.P.R.A. see. (1976). (Subrayado nuestro)
Sin embargo, el propio Código de Seguros dispone las limitaciones de su alcance.
El Artículo 1.070 dispone en lo pertinente:
"Sin menoscabo del sentido general de las anteriores disposiciones, este título no cubrirá ni determinará la existencia de operaciones, contratos ni funcionarios directores, ni representantes de todo organismo hasta donde sus actividades relacionadas con seguros estuvieren prescritas o permitidas por otra ley expresamente votada al efecto,....” Véase 26 L.P.R.A. see. 107 (Supl.). (Subrayado nuestro).
La disposición es diáfana; exceptúa del alcance del Código cualquier actividad relacionada con seguros que haya sido prescrita o permitida por otra Ley votada al efecto. Este es el caso del "seguro" obrero-patronal provisto por el F.S.E. Veamos.
No hay duda de que el F.S.E. es un "seguro" de índole obrero-patronal. No obstante, su existencia se debe a una ley especial expresamente votada al efecto. Esta es la Ley Núm. 45 de 18 de abril de *1102 1935, según enmendada, (11 L.P.R.A. secs. 1 et seq. (1978)), intitulada "Ley de Compensaciones por Accidentes del Trabajo". La Ley del F.S.E., se apuntala en la Carta de Derechos de nuestra Constitución que reconoce el derecho de todo trabajador a estar protegido contra riesgos a su salud en su trabajo o empleo, y está dirigida a la prevención de accidentes y enfermedades ocupacionales y a servir de paliativo a lesiones y enfermedades relacionadas con el empleo. (Véase 11 L.P.R.A. secs, la, lb-l(m) (Supl. 1994)). El F.S.E. tiene además ciertas características particulares que lo distinguen de las figuras bajo el Código. Es un seguro compulsorio; todo patrono está obligado a asegurar a sus obreros o empleados en el F.S.E. y notificárselo a éstos por escrito o impreso en lugar visible al público (11 L.P.R.A. sec. 19 (1978)). Todo patrono que emplee uno (1) o más obreros o empleados, no importa su escala salarial, está obligado a asegurar. (11 L.P.R.A. secs. 3-4(a) (1978) y (Supl. 1994)). No es selectivo como asegurador; toma al obrero como sea, desarrollado o deforme, saludable o enfermizo. Vda. de Meléndez v. Comisión Ind'l., 85 D.P.R. 58 (1962). Si el patrono no está asegurado, el F.S.E. cobrará de éste lo que pague al obrero lesionado e ingresará esos fondos en una cuenta especial, (11 sec. 16 (1978). La Ley incluso declara incurso en delito menos grave al patrono que no asegure el pago de la compensación e impone unas penas (11 L.P.R.A. sec. 18 (1978)). La escala de compensación está fijada por la ley, y no está sujeta a negociación. Como se ve, este "seguro" obrero, aunque está sujeto a contingencias aleatorias, no guarda semejanzas con el contrato de seguro bajo el Código de Seguros. Además, por disposición expresa del Código de Seguros, el F.S.E. no puede ser subsumido en la figura de "seguro" que se dispone entre los artículos 1.020 y .050 del Código. (Véanse Artículos 1.020, 1.030, 1.050 y 1.070, 26 L.P.R.A. sees. 102, 103, 105 y 107 (1976) según enmendados, respectivamente).
La Ley Núm. 134 de 23 de julio de 1974 adicionó al Código de Seguros los Capítulos 38 al 40. Los mismos se incorporaron para la eventualidad de que las aseguradoras bajo el "título" (o sea, bajo el Código), adviniesen insolventes. En lo referente al Capítulo 38 originalmente el mismo se intituló "Ley de Asociación de Garantía de Seguros de Todas Clases Excepto Vida, Incapacidad y Salud". La Ley 72 de 17 de agosto de 1991 derogó los capítulos 38 al 40 de la Ley sustituyéndolos por otros con igual enumeración. El nuevo Capítulo 38 se denominó "Asociación de Garantía de Seguros Misceláneos" ("A.G.S.M.").
En su Petición de Certiorari el peticionario, la Asociación, erróneamente centraliza su discusión sobre la imposibilidad del F.S.E. de repetir contra ésta, por ser el F.S.E. un "seguro provisto o garantizado por el gobierno", conforme lo dispuesto en el artículo 38.030 inciso (8), según enmendado. Aunque ciertamente el F.S.E. es un seguro provisto o garantizado por el gobierno, ese hecho no dispone de la controversia, puesto que la excepción dispuesta en el inciso (8) del Artículo 38.030 está dirigida a la persona del reclamado y no a la del reclamante. En este caso el reclamante es el F.S.E. en subrogación de la empleada lesionada y el reclamado es la otrora Corporación Insular de Seguros hoy sustituida en liquidación por la A.G.S.M. El hecho de que una entidad gubernamental como la Autoridad de Acueductos y Alcantarillados haya contratado una póliza de seguro con una aseguradora para que le cubra ciertas reclamaciones no la hace "proveedora o garantizadora" de un seguro del gobierno. El proveedor del seguro es la Corporación Insular de Seguros, y no la Autoridad de Acueductos y Alcantarillados. El artículo 38.030(8) del Código no es de aplicación a la controversia de autos. Lo que está planteado es la interpretación de qué constituye una "reclamación cubierta" bajo A.G.S.M. según codificado en el segundo párrafo del Artículo 38.050 (6) (26 L.P.R.A. ■ see. 3805 (6) (Supl.) 
El Artículo 38.050(6) dispone, en lo pertinente:
(6) "Reclamación cubierta" significa una reclamación no pagada, incluyendo una de primas no devengadas que surja de, y esté dentro de la cubierta y esté sujeta a los límites aplicables de una póliza de seguro la cual aplique este Capítulo que haya sido emitida por un asegurador conforme a lo dispuesto en este título si tal asegurador se convierte en asegurador insolvente luego de la fecha de vigencia de este Capítulo y...:
(a).
(b).
*1103 "Reclamación cubierta" no incluirá cantidad alguna adjudicada como daños punitivos o ejemplares; ni procurados como devolución de primas bajo un plan de tarifaje retrospectivo; ni que se deba a un reasegurador, asegurador, asociación de suscripción conjunta o asociación suscriptora por concepto de recobros por subrogación o de otro modo," 26 L.P.R.A. see. 3805 (6). (Enfasis suplido).
Ya hemos visto que el F.S.E. no es un "asegurador" que emita pólizas de seguro conforme lo dispuesto por el Código de Seguros, puesto que así lo exceptúa el artículo 1.070 del Código, 26 L.P.R.A. see. 107 (Supl. 1994). Por ello la reclamación que "por concepto de subrogación" hace el F.S.E. es una reclamación cubierta. Ahora, veamos si los propósitos o la estimativa legislativa que informan ambos estatutos están en armonía unos con otros.
No encontramos conflictos entre los propósitos de la ley del F.S.E. y los de la Ley de Asociación de Garantía de Seguros, supra, según esbozados en el Artículo .020 (26 L.P.R.A. see. 3802 (Supl. (1994)). Una lectura del Informe Conjunto de la Cámara de Representantes de 4 de junio de 1991, lima. Asamblea Legislativa, 5ta. Sesión Ordinaria, revela que el propósito de la creación de la A.G.S.M. es proteger al tenedor de la póliza, —el asegurado— de recibir reclamaciones y que quede al descubierto por la insolvencia del asegurador. Véase Informe Conjunto, supra, "Alcance de la Medida", pág. 2. La Ley expresa que "este Capítulo se interpretará liberalmente para lograr el propósito establecido en el Artículo 38.020. Dicho propósito servirá de ayuda y guía en la interpretación de este Capítulo". Ibid. Dispone dicho artículo:
"...crear un mecanismo para el pago de reclamaciones cubiertas bajo determinadas pólizas de seguro con el fin de evitar excesivas dilaciones en el pago, evitar pérdidas financieras a los reclamantes o tenedores de pólizas como resultado de la insolvencia de un asegurador,...." (Subrayado nuestro). Código de Seguros, art. 38.020; según enmendado por la Ley Núm. 72 del 17 de agosto de 1991; 26 L.P.R.A. see. 3802 (Supl. 1994).
Por su parte, el Artículo 31 de la Ley del F.S.E. que versa sobre la acción contra un tercero causante del daño dispone, en lo pertinente, que:
"[cjuando un obrero o empleado lesionado... tuviere derecho a entablar acción por daños contra tercero, en los casos en que el Fondo del Seguro del Estado [...] estuviere obligado a compensar en alguna forma, o a proporcionar tratamiento, el Administrador del Fondo del Seguro del Estado se subrogará en los derechos del obrero o empleado, o de sus beneficiarios, y podrá entablar procedimientos en contra del tercero en nombre del obrero o empleado, o de sus beneficiarios...." 11 L.P.R.A. 32 (1978).
Conforme ha sido interpretado por la jurisprudencia, el artículo 32 le permite al F.S.E. recobrar del tercero causante del daño la partida que invirtió en el tratamiento del obrero lesionado, toda vez que es el obrero lesionado el beneficiario de la acción subrogada del F.S.E. Así, "la acción no pertenece a [el F.S.E.] 'sino propiamente al obrero lesionado [que es la parte realmente interesada]'...." Administradora F.S.E. v. Maldonado, 107 D.P.R. 527, 529 (1978). La reclamación del F.S.E. en subrogación de la obrera lesionada es una "reclamación cubierta". La exclusión dispuesta en el Artículo 38.050 (6) no puede oponérsele, pues del propio texto surge que sólo es oponible a "una póliza de seguro a la cual aplique este Capítulo que haya sido emitida por un asegurador conforme a lo dispuesto en este título si tal asegurador se convierte en asegurador insolvente". (26 L.P.R.A. see. 3805 (6) (Supl. 1994))
Hemos visto que por virtud del Artículo 1.070 del Código de Seguros de Puerto Rico, el F.S.E. es creado por una ley expresamente votada al efecto. (26 L.P.R.A. see. 107 (1978)). El hecho de que el F.S.E. intente recuperar lo que invirtió en el tratamiento del obrero, tampoco es incompatible con la premisa de proteger al consumidor promedio implícita en las enmiendas a la Ley de Asociación de Garantía de Seguros. No podemos olvidar que, después de todo, en última instancia el beneficiario del F.S.E. es el pueblo trabajador, quien al accidentarse en la gestión laboral, puede y debe contar con un seguro obrero-patronal solvente. Como se ve, el espíritu esbozado en el Informe Conjunto, supra, y en el Art. 38.030, supra , así como lo dispuesto en el Art. 38.050(6) del Código de Seguros es armonioso con el espíritu de la Ley del F.S.E.
*1104 ni
El Artículo 31 de la Ley de la Corporación del Fondo del Seguro del Estado, L.P.R.A. see. 32 (1978) también dispone en su quinto párrafo, que "no se dictará sentencia en pleitos de esta naturaleza, ni se aprobará transacción alguna con relación a los derechos de las partes en dichos pleitos sin hacer reserva expresa del derecho del Fondo del Seguro del Estado a reembolso de todos los gastos incurridos;...." Esta disposición significa que sería prematuro desestimar la reclamación del F.S.E. por recobro de los gastos incurridos en el tratamiento del obrero lesionado. El Tribunal Supremo de Puerto Rico, al revocar una sentencia desestimatoria, expresó por voz del Honorable Juez señor Díaz Cruz: "El Fondo tiene [...] un claro derecho a mantener la acción civil subrogada por el obrero lesionado hasta que recaiga una sentencia en los méritos del caso". Administradora F.S.E. v. Maldonado, supra, 529-530 (1978); véase además, Resto Casillas v. Colón González, 112 D.P.R. 644, 648-649 (1982).
En consideración a lo antes expuesto se expide el auto y se confirma la resolución recurrida que declara sin lugar la moción de desestimación instada por el peticionario, A.G.S.M. Se devuelve el caso al foro de instancia para la continuación de los procedimientos.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 95 DTA 282
1. Es incorrecto argumentar que se trata de interpretar el Artículo 38.050 inciso (6) subinciso (b) puesto que el subinciso (b) se refiere a propiedad sita en Puerto Rico. Aquí lo que estamos discutiendo es si la reclamación en cuestión es o no es de las enumeradas én el segundo párrafo del Artículo 38.050 inciso (6).