**In re RIO PIEDRAS EXPLOSION LITIGATION.**

**No. CIV. 96–2443CCC.**

United States District Court, D. Puerto Rico.

Nov. 6, 1998.

Robert Ricco, New York City, Jaime Sifre-Rodriguez, San Juan, PR, Carlos Rexach-Benitez, for Defendants.

### ORDER

CEREZO, Chief Judge.

The Court has before it the Motion in Request for Consolidation filed by the Manager of the State Insurance Fund Corporation (SIF) in Civil Action 97–1739(CCC) on April 3, 1998 (**docket entry 698**), the Motion Regarding the Legal Representation of Ms. Alicia Pacheco–Narváez filed by plaintiffs in Civil Action 97–1806(CCC) on April 24, 1998 (**docket entry 723**), the Opposition to Request For Consolidation of Civil Actions Nos. 97–1739 and 97–1806 and Motion to Dismiss Alicia Pacheco–Narváez's Claims Alleged in Civil Action No. 97–1806 filed by Enron Corp. on May 15, 1998 (**docket entry 751**) and the Motion in Opposition to Dismiss filed by plaintiffs in Civil Action 97–1806(CCC) on June 2, 1998 (**docket entry 785**).[1]

The motion for consolidation filed by the Manager of the SIF informs that on May 9, 1997 a complaint was filed by him on behalf of insured workers Alicia Pacheco–Narváez

---

1. Although Enron tendered a reply to the opposition to its motion to dismiss on July 16, 1998, no leave to file it was obtained from the Court as required by Local Rule of Procedure 311(7). Accordingly, the reply brief will not be considered by the Court.

and Miriam Vázquez–León, Civil Action 97–1739(CCC), and that on May 23, 1997 a separate action in which Ms. Pacheco–Narváez also appears as a plaintiff was filed by private attorneys, Civil Action 97–1806(CCC). Claiming that both cases involve a "common question of law or fact," the SIF requests consolidation of both cases.

The motion regarding the legal representation of Ms. Pacheco–Narváez filed in Civil Action 97–1806(CCC) is, in essence, a motion in support of the SIF's motion for consolidation. Movants claim that "the procedural situation is that Ms. Alicia Pacheco is represented in two different actions by two different attorneys with allegations that, though similar in nature, are not identical." Docket entry 723, at p. 2. Movants further allege that "consolidation of the above actions would allow the Manager to recover any amounts expended by it due to the alleged fault of third parties and, at the same time, allow that plaintiff's total damages be tried through the privately retained counsel." Docket entry 723, at p. 3.

Defendant Enron has opposed both motions, and also seeks dismissal of the claim brought by Ms. Pacheco–Narváez in Civil Action 97–1806(CCC) asserting that "11 L.P.R.A. § 32 is a statutory bar to a separate action by the wife of a deceased workman once the Fund subrogates in her rights." Docket entry 751, at p. 3. Plaintiffs in Civil Action 97–1806(CCC) have opposed Enron's dismissal request, claiming that neither Article 31 of the Puerto Rico Workmen's Accident Compensation Act (PRWACA) (11 L.P.R.A. § 32) nor its case law mandates said result. In addition, they contend that dismissal of Ms. Pacheco–Narváez' claim in Civil Action 97–1806(CCC) would unduly benefit Enron, as "the allegations therein protect better plaintiff's interest and, secondly, institutionally the SIF" expertise, resources and custom are generally directed to recover its expenses, not to fully litigate the damages claims against third parties on behalf of injured beneficiaries." Docket entry 785, at p. 3.

The issue before us, thus, is whether the beneficiary of a deceased workman insured by the SIF, on whose behalf the SIF has already filed suit to recover damages against the third party allegedly responsible for the insured workman's death, as permitted by law, can file a separate suit for damages against the third party while the SIF's action is pending adjudication. We hold that it may not.

Article 31 of the P.R.W.A.C.A. (11 L.P.R.A. § 32), as amended, provides as follows:

In case where the injury, the professional disease, or the death entitling the workman or employee or his beneficiaries to compensation in accordance with this chapter has been caused under circumstances making a third party responsible for such injury, disease, or death, the injured workman or employee or his beneficiaries may claim and recover damages from the third party responsible for said injury, disease or death, within one year following the date of the final decision of the case by the Manager of the State Insurance Fund, who may subrogate himself in the rights of the workman or employee or his beneficiaries to institute the same action in the following manner:

When an injured workman or employee, or his beneficiaries in the case of death, may be entitled to institute an action for damages against a third party in cases where the State Insurance Fund, in accordance with the terms of this chapter, is obliged to compensate in any manner or to furnish treatment, the Manager of the State Insurance Fund shall subrogate himself in the rights of the workman or employee or of his beneficiaries, and may institute proceedings against such third party in the name of the injured workman or employee or his beneficiaries, within the ninety (90) days following the date of the final and enforceable decision of the case, and any sum which as a result of the action, or by virtue of a judicial or extrajudicial compromise, may be obtained in excess of the expenses incurred in the case shall be delivered to the injured workman or employee or to his beneficiaries entitled thereto. The workman or employee or his beneficiaries shall be parties in every proceeding instituted by the Manager under the provi-

sions of this section, and it shall be the duty of the Manager to serve written notice on them of such proceedings within five (5) days after the action is instituted. *If the Manager should fail to institute action against the third person responsible as provided in the preceding paragraph, the workman or employee or his beneficiaries shall be fully at liberty to institute such action in their behalf,* without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case.

*Neither the injured workman or employee nor his beneficiaries may institute any action,* nor may compromise any cause of action they may have against the third party responsible for the damages *until after the expiration of ninety days from the date of the final and enforceable decision of the case by the Manager of the State Insurance Fund.*

No compromise between the injured workman or employee, or his beneficiaries in case of death, and the third party responsible within the ninety (90) days subsequent to the date in which the decision is final and enforceable, or after the expiration of said term if the Manager has filed his complaint, shall be valid or effective in law unless the expenses incurred by the State Insurance Fund in the case are first paid. No judgment shall be entered in suits of this nature, and no compromise whatsoever as to the rights of the parties to said suits shall be approved, without making express reserve of the right of the State Insurance Fund to reimbursement of all expenses incurred; Provided, That the secretary of the part taking cognizance of any claim of the nature above described shall notify the Manager of the State Insurance Fund of any order entered by the court which affects the rights of the parties to the case, as well as the final disposition thereof.

The Manager of the State Insurance Fund may compromise as to his rights against a third party responsible for the damages; it being understood, however, that no extrajudicial compromise shall affect the rights of the workman or employee, or of his beneficiaries, without their express consent and approval.

Any sum obtained by the Manager of the State Insurance Fund through the means provided in this section shall be covered into the State Insurance Fund for the benefit of the particular group into which the occupation was classified or the industry in which the injured or dead workman or employee was employed.

(Emphasis ours.)

The Supreme Court of Puerto Rico, in *Negron De Rodriguez v. Industrial Comision,* 76 P.R.R. 301, 1954 WL 10856 (1954), aptly summarized and explained the provisions of Article 31 as follows:

Section 31, as amended by Act No. 16 of April 12, 1948, provides that in cases of compensable labor accidents caused under circumstances making third persons responsible, the workman or employee, or the presumptive beneficiaries under the Workmen's Accident Compensation Act, may not, in the event of death, institute action against the third person, or compromise their rights of action until after the Manager of the State Insurance Fund has entered final decision and until after the expiration of ninety days counted from the Manager's decision, and within the year following the date the final decision is rendered by the Manager. The latter, subrogating himself in the rights of the workman or employee, or of the beneficiaries, may bring action against a third person, in the name of the workman or employee, or his beneficiaries, within ninety days counted from the date of the final decision in the case. If the Manager files such action within the stated period, and as a result of that action or some judicial action a sum is obtained in excess of the sums already allowed by the Manager by way of compensation, or in excess of the expenses incurred, the Manager shall deliver such excess to the workman or employee, or his legal beneficiaries. The workman or employee, or his beneficiaries, shall be parties in the proceeding instituted by the Manager, and it shall be the duty of the Manager to serve written notice on such workman or employee, or his beneficiaries, within

the period of five days after the action is instituted. *If the Manager shall fail to institute action against the third person responsible within the said ninety-day period, the workman or employee, or his beneficiaries, may then bring an action against the third person, in their behalf,* without being obligated to reimburse the State Insurance Fund for the expenses Incurred by the Fund. The implication is that the failure of the Manager to bring an action within the ninety-day period following his final decision, entails a waiver by the Manager of his right of subrogation. *Id.,* at pp. 286-87, 1954 WL 10856 (emphasis ours).

In similar terms, the Supreme Court in *Gallart Mendia v. González Marrero,* 95 P.R.R. 196 (1967), stated:

The Act grants the Manager 90 days to institute a proceeding when he subrogates himself in the rights of the worker. If the Manager is successful he will recover whatever sum the Fund has paid and the remainder will go to the deceased worker's beneficiary or beneficiaries. During said 90 days the beneficiaries may not sue. *If the Manager should fail to Institute action within said 90 days then the beneficiaries shall be free to sue on their own account.* As may be seen, the mechanism protects the Fund inasmuch as it affords the latter the possibility of recovering what has been paid and at the same time it protects the injured workers or their beneficiaries because *if the Manager does not sue, the former may always sue after the lapse of said 90 days.*

*Id.,* at p. 201 (emphasis ours).

It is evident, under both Article 31 and its interpretation by the Supreme Court of Puerto Rico, that an insured workman or his beneficiaries, in case of the workman's death, may file a suit to recover damages against a third party allegedly responsible for the insured workman's injury or death, but ONLY after a period of ninety (90) days has elapsed after the SIF's final decision in his case, and then ONLY if the SIF has not instituted said action itself on behalf of the insured workman or his beneficiaries. Inasmuch as in this instance Ms. Pacheco–Narváez instituted a separate action against the third party while the SIF's action brought on her behalf against that same party was still pending, her separate claim is barred by the statute and must be DISMISSED.

That both plaintiffs in Civil Action 97–1806(CCC) and the SIF insist that we reach a different result is disconcerting, not only because of the clear language of Article 31 and its interpretative jurisprudence, but also because of our prior pronouncements regarding this same issue made in the course of this consolidated litigation. Previously, in ruling on a motion filed by the attorney of the SIF seeking leave to withdraw as counsel for Ms. Pacheco–Narváez in Civil Action 97–1739(CCC), we stated that:

. . .no information has been provided to the Court as to the legal foundation of that second claim filed by the deceased workman's beneficiary [Civil Action 97–1806(CCC) ], particularly in light of the statutory bar to a separate action by the workman or his beneficiaries once the SIF subrogates in their rights (see 11 L.P.R.A. § 32), nor is it clear whether the SIF will in fact continue to prosecute the claim filed on behalf of Ms. Pacheco–Narváez. *As the record stands now, and in view of the subrogation made by the SIF, we do not see a right by Ms. Pacheco–Narváez to institute a separate action while said action for subrogation is pending,* nor, for that matter, a need for her to retain counsel different from that of the SIF.

Order of March 16, 1998, docket entry 655, p. 1 (emphasis ours).

All the cases cited by plaintiffs in support of their position are inapposite to the issue before us. *Machado v. The American R.R. Co. of P.R.,* 49 P.R.R. 823, 1936 WL 6266 (1936), interpreted provisions of Act 85 of 1928, the workmen's compensation law then in effect, which differed substantially from those contained in the present law, Act 45 of 1935, as amended. In *Manager of State Fund v. District Court,* 73 P.R.R. 884 (1952), the Supreme Court Interpreted Article 31 of the PRWACA as allowing the Manager of the SIF and the deceased workman's beneficiaries, while represented by different attorneys, to join as plaintiffs in the same lawsuit,

which is not the procedure plaintiffs and the Manager seek to follow in this instance.

In *Gallart, Mgr. v. Banco Popular,* 91 P.R.R. 795, 1965 WL 14352 (1965), the Court stressed that "the action referred to in § 31 does not belong to the Manager, but to the injured worker or his beneficiaries, and in order that the cause of action may prosper it must be acknowledged in favor of said worker or his beneficiaries," *Id.,* at p. 803, 1965 WL 14352, but also observed that Act 45 of 1935, in *retaining the right of subrogation,* "provided more specifically as to the exercise of the action against the third person..." *id.,* at p. 800, 1965 WL 14352. The Court noted in particular that § 31 was amended by Act No. 16 of April 12, 1948 to, among other things, "grant the Manager the first opportunity to institute the proceeding against [a] third person within the term of ninety days overruling the decision in *Del Rio v. Garcia,* 71 P.R.R. 86, 1950 WL 7305 (1950)...." *Id.,* at p. 802, 1965 WL 14352.[2]

Finally, in *Alvarado v. Calaino Romero,* 104 D.P.R. 127, 1975 WL 38733 (1975), the Court reiterated what the statute plainly provides: "[t]he State Insurance Fund may, in the first place, institute proceedings against the third party within the ninety days following the date of its 'final and enforceable' decision, *but, if it fails to do so,* the workman or his beneficiaries 'shall be fully at liberty to institute such action in their behalf, without being obliged to reimburse the State Insurance Fund for the expenses incurred in the case.'" *Id.,* at p. 132, 1975 WL 38733 (official translation) (emphasis ours).

Nor are the arguments raised by plaintiffs in an attempt to buttress their posture convincing. Their assertion that the allegations of the complaint in Civil Action 97–1806(CCC) better protect Ms. Pacheco–Narváez' interests is lame, as the First Amended Master Complaint (docket entry 888) filed by the Plaintiffs' Steering Committee in this consolidated litigation governs all of the plaintiffs' claims, except for the particular damages each seeks to recover. We have reviewed the damages allegations in both complaints, and although the amounts claimed in each on behalf of Ms. Pacheco–Narváez do vary, the bases for those claims are basically the same. In any event, the SIF, as any other litigant, has available the mechanism of amendment to the complaint, as long as it complies with Fed.R.Civ.P. 15. On the other hand, plaintiffs' depiction of the SIF as being interested only in recovering its expenses and not in fully litigating the damages' claims against third parties on behalf of beneficiaries runs contrary to the law, which specifically provides that the SIF's action of subrogation "*does not belong to* [the Manager], 'but to the injured worker (who is the real party in interest) and in order that the cause of action may prosper it must be acknowledged in favor of said worker or his beneficiaries.'" *Administradora F.S.E. v. Maldonado,* 107 D.P.R. 527, 529, 1978 WL 48840 (1978), *citing Gallart, Mgr. v. Banco Popular,* 91 P.R.R. 795, 803, 1965 WL 14352 (1965). We are confident that the SIF will comply with its statutory mandate and that it will protect the rights of Ms. Pacheco–Narváez during its litigation in Civil Action 97–1739(CCC).

We need not dwell further. For the reasons stated, we rule on the above mentioned motions as follows:

1) The Motion in Request for Consolidation filed by the Manager of the State Insurance Fund Corporation (**docket entry 698**) is DENIED.

2) The Motion Regarding the Legal Representation of Ms. Alicia Pacheco–Narváez filed by plaintiffs in Civil Action 97–1806(CCC) (**docket entry 723**) is DENIED.

3) The Motion to Dismiss Alicia Pacheco–Narváez's Claims Alleged in Civil Action No. 97–1806 filed by Enron Corp. (**docket entry 751**) is GRANTED.

4) Partial judgment shall be entered by separate order in Civil Action 97–1806(CCC)

---

**2.** The Court had ruled in *Del Rio* that Article 31 of Law 45, as it then read, did not require the workman or his beneficiaries to wait until the expiration of a determined period of time following the award made by the Manager of the SIF before resorting to the courts with a complaint for damages against the third person causing the injury, disease or death. *See Del Rio,* 71 P.R.R. at p. 91, 1950 WL 7305.

DISMISSING the claim of Alicia Pacheco–Narváez.

**SO ORDERED.**